PER CURIAM.
We have for review a pro se sworn petition for writ of habeas corpus where petitioner requests that he be permitted to file a belated rule 3.850 motion for post-conviction relief, based on the ineffective assistance of privately-retained post-conviction counsel in failing to file a rule 3.850 motion on petitioner’s behalf, although hired to do so. Petitioner believes that he is now barred by the two-year time limitation in rule 3.850(b) from pursuing his motion in the trial court because mandate issued in the direct appeal on March 13,1995. Since petitioner has not yet filed a rule 3.850 motion with the trial court and had it denied as untimely, the petition before this court is premature.
Had petitioner filed a rule 3.850 motion with the trial court, it would likely have denied any claims which do not fall within one of the exceptions to the two-year time limit because our supreme court has stated that “claims of ineffective assistance of post-conviction counsel do not present a valid basis for relief’ under rule 3.850. Lambrix v. State, 698 So.2d 247, 248 (Fla.1996). Accordingly, we deny the petition for habeas relief without prejudice for petitioner to file in the circuit court a rule 3.850 motion, raising such claims as are not time-barred, since there is a possibility that petitioner may raise one or more grounds which fall within one of the exceptions to the two-year time limit of rule 3.850(b).
Yet, as highlighted by the Fifth District’s comprehensive discussion of the issue in Steele v. Kehoe, 23 Fla. L. Weekly D771, — So.2d -, 1998 WL 121499 (Fla. 5th DCA Mar.20, 1998)(Sharp, J., concurring special-lyXGriffin, C.J., dissenting), it is not entirely clear that the opinion in Lambrix actually stands for the proposition that a petitioner may not, by alleging ineffective assistance of post-conviction counsel, obtain relief by way of permission to file a belated rule 3.850 motion where privately-retained counsel fails to timely file the motion as requested and hired to do. Because of the importance of this issue, we certify the following question to the supreme court, which is substantially similar to the question certified in Steele:

Is a petitioner entitled to file a belated rule 3.850 motion for collateral relief if he can prove that privately-retained counsel agreed to file a timely rule 3.850 motion for collateral relief but failed to do so?

Lastly, the instant petition also seeks this court’s aid in compelling petitioner’s former counsel to provide him with some of his legal “files” in order to prepare a proper defense. We dismiss this “mandamus” ground of the petition without prejudice for petitioner to file a petition for documents in the circuit court.
STONE, C.J., and FARMER and STEVENSON, JJ., concur.