747 So.2d 931 (1999)
William Stewart STEELE, Petitioner,
v.
Terrence E. KEHOE, Respondent.
No. 92,950.
Supreme Court of Florida.
May 27, 1999.
Rehearing Denied October 11, 1999.
William Stewart Steele, Miami, Petitioner, pro se.
Steven G. Mason, Orlando, for Respondent.
Robert A. Butterworth, Attorney General, Carolyn M. Snurkowski, Assistant Deputy Attorney General, and Bonnie J. Parrish, Assistant Attorney General, Tallahassee, for amicus curiae State of Florida.
*932 OVERTON, Senior Justice.
We have for review a decision addressing the following question certified to be of great public importance:
UNDER THE FACTS OF THIS CASE, IS IT APPROPRIATE TO ORDER A BELATED HEARING IN ORDER TO DETERMINE WHETHER THE ATTORNEY WAS IN FACT RETAINED TO FILE A POST-CONVICTION MOTION AND, IF SO, TO DETERMINE THE VALIDITY OF THE ISSUES THAT DEFENDANT ASSERTS SHOULD HAVE BEEN RAISED IN SUCH MOTION?
Steele v. Kehoe, 724 So.2d 1192, 1195 (Fla. 5th DCA 1998). We rephrase the certified question as follows:
WHEN A CONVICTED DEFENDANT ALLEGES THAT HIS OR HER ATTORNEY AGREED TO FILE A POSTCONVICTION MOTION ON HIS OR HER BEHALF, BUT FAILED TO DO SO IN A TIMELY MANNER, FIRST, IS IT APPROPRIATE TO ORDER A HEARING TO DETERMINE WHETHER A BELATED POST-CONVICTION MOTION SHOULD BE PERMITTED, AND, SECOND, MUST A DEFENDANT PREVAIL IN HAVING HIS OR HER CONVICTION OR SENTENCE REDUCED BEFORE FILING A LEGAL MALPRACTICE ACTION?
We have jurisdiction. Art. V, § 3(b)(4), Fla. Const. We answer the rephrased certified questions in the affirmative for the reasons expressed below.
The record reflects the following pertinent facts. William Steele was convicted of first-degree murder and was sentenced to life in prison. Since this time, Steele has claimed that Terrence Kehoe, his privately retained appellate attorney, orally agreed to file a motion for postconviction relief under Florida Rule of Criminal Procedure 3.850 on his behalf, but failed to do so in a timely manner. Steele's pro se rule 3.850 motions have been rejected by the trial court and the Fifth District Court of Appeal because they were filed after the two-year deadline had expired. As a consequence of his postconviction motions being barred, Steele filed a legal malpractice complaint against Kehoe. However, because Steele's rule 3.850 motions had been dismissed, he did not have an opportunity to demonstrate that he was improperly convicted as a result of his attorney's negligence. The trial court dismissed Steele's complaint, stating in its order that Steele "cannot prove his actual innocence in the underlying first-degree murder charge which he was convicted of; nor can he establish or allege that his underlying conviction has been set aside."
The Fifth District Court of Appeals affirmed the dismissal, holding that "exoneration" is a prerequisite to a legal malpractice action arising from a criminal conviction. Steele v. Kehoe, 724 So.2d at 1193. The district court was troubled by Steele's plight, and it explained that, irrespective of its holding, a monetary remedy in a civil action would be inadequate to redress Steele's injury. The district court also noted that Steele could not pursue a claim of ineffective assistance of postconviction counsel because he had no constitutional right to postconviction counsel. See Lambrix v. State, 698 So.2d 247 (Fla. 1996). The district court, however, believed that Steele should not be precluded from seeking some form of relief. It considered what possible remedies are available under due process to a prisoner who has relied on his or her attorney to pursue postconviction relief and the attorney failed to timely file a motion for relief within the two-year period. With respect to this issue, the district court found that "[i]f a prisoner is denied the opportunity to challenge his conviction under an appropriate rule only because of the negligence of his attorney, then due process requires a belated filing procedure similar to that allowed in belated appeals." Steele, 724 So.2d at 1194. The district court noted that the issue in such a proceeding would be whether the attorney *933 was retained to file a postconviction motion, but failed to do so in a timely manner. The district court held that, if counsel is determined to have failed to timely file the postconviction motion, then our procedure should permit the defendant to belatedly file the motion.
In a concurring opinion, Judge Sharp suggested that Steele was entitled under due process to seek the remedy afforded by the majority by petitioning for a writ of habeas corpus. Judge Sharp noted that the use of habeas corpus under the circumstances appeared to be authorized under rule 3.850(h). Judge Sharp also noted that habeas corpus is similarly available to pursue belated appeals.

LEGAL MALPRACTICE ARISING FROM CRIMINAL PROSECUTION
We first address the propriety of the district court's holding that exoneration is a prerequisite to a legal malpractice action arising from a criminal prosecution.[1] As noted in the dissent of Chief Judge Griffin, the majority's decision conflicts with the decision in Martin v. Pafford, 583 So.2d 736, 738 (Fla. 1st DCA 1991), which held that "Martin was not required to have succeeded in obtaining collateral relief from her criminal conviction before she could civilly sue her attorney for malpractice."
We find that, in a claim for legal malpractice, a plaintiff must plead and prove the following elements: (1) the attorney's employment; (2) the attorney's neglect of a reasonable duty; and (3) the attorney's negligence was the proximate cause of the client's loss. Weekley v. Knight, 116 Fla. 721, 156 So. 625 (1934). With respect to a legal malpractice suit brought by one convicted of a crime, a majority of jurisdictions have held that appellate or postconviction relief is a prerequisite to maintaining the action. See, e.g., Orr v. Black & Furci, P.A., 876 F.Supp. 1270 (M.D.Fla.1995); Streeter v. Young, 583 So.2d 1339 (Ala.1991); Shaw v. State Dep't of Admin., 816 P.2d 1358 (Alaska 1991); Glenn v. Aiken, 409 Mass. 699, 569 N.E.2d 783 (1991); Morgano v. Smith, 110 Nev. 1025, 879 P.2d 735 (1994); Carmel v. Lunney, 70 N.Y.2d 169, 518 N.Y.S.2d 605, 511 N.E.2d 1126 (1987); Stevens v. Bispham, 316 Or. 221, 851 P.2d 556 (1993); Bailey v. Tucker, 533 Pa. 237, 621 A.2d 108 (1993); Peeler v. Hughes & Luce, 868 S.W.2d 823 (Tex.Ct.App.1993), aff'd, 909 S.W.2d 494 (Tex.1995). These decisions base the appellate or postconviction relief prerequisite on the following policy arguments: (1) without obtaining relief from the conviction or sentence, the criminal defendant's own actions must be presumed to be the proximate cause of the injury; (2) monetary remedies are inadequate to redress the harm to incarcerated criminal defendants; (3) appellate, postconviction, and habeas corpus remedies are available to address ineffective assistance of counsel; (4) requiring appellate or postconviction relief prerequisite to a malpractice claim will preserve judicial economy by avoiding the relitigation of supposedly settled matters; and (5) relief from the conviction or sentence provides a bright line for determining when the statute of limitations runs on the malpractice action.
We agree with the above policy considerations set forth in these cases, and we find that we should follow the majority rule and hold that a convicted criminal defendant must obtain appellate or postconviction relief as a precondition to maintaining a legal malpractice action. We also hold that the statute of limitations on the malpractice action has not commenced until the defendant has obtained final appellate or postconviction relief.

*934 BELATED MOTION FOR POSTCONVICTION RELIEF
We now address the issue regarding the right to belatedly file a motion for postconviction relief. In this Court's decision in State v. Weeks, 166 So.2d 892, 896 (Fla. 1964), we made clear that "[postconviction] remedies are subject to the more flexible standards of due process announced in the Fifth Amendment, Constitution of the United States." For example, although a prisoner has no Sixth Amendment right to postconviction counsel, in Weeks and Graham v. State, 372 So.2d 1363 (Fla.1979), we held that due process required the appointment of postconviction counsel when a prisoner filed a substantially meritorious postconviction motion and a hearing on the motion was potentially so complex that the assistance of counsel was needed.
We agree with the district court below that due process entitles a prisoner to a hearing on a claim that he or she missed the deadline to file a rule 3.850 motion because his or her attorney had agreed to file the motion but failed to do so in a timely manner. We hold that, if the prisoner prevails at the hearing, he or she is authorized to belatedly file a rule 3.850 motion challenging his or her conviction or sentence. We also agree with Judge Sharp's concurring opinion that the prisoner's claim under these specific circumstances should be presented to the court in a petition for writ of habeas corpus, which would not be barred under rule 3.850(h) because it would come within the final clause thereof. See Ward v. Dugger, 508 So.2d 778, 779 (Fla. 1st DCA 1987)(construing a prisoner's letter to the district court as a habeas petition and finding that the prisoner "might be entitled to file a belated motion for postconviction relief if the actions of her attorney had frustrated her intention to file such a motion in a timely fashion").
For the reasons expressed, we answer the rephrased certified questions in the affirmative, approve the decision below, and disapprove Martin v. Pafford, 583 So.2d 736 (Fla. 1st DCA 1991). Steele is entitled to petition the circuit court for a writ of habeas corpus. Upon receiving the petition, the court will conduct a hearing on whether Kehoe undertook to file a rule 3.850 motion on Steele's behalf, but failed to timely file the motion. If Steele prevails at the hearing, he will have the right to belatedly file a rule 3.850 motion. If Steele's belated postconviction motion is granted and he receives relief from his conviction or sentence, he may then pursue the legal malpractice claim against Kehoe.
This case also establishes a need to amend rule 3.850(b) by adding a provision to allow a belated appeal in this type of circumstance. We hereby amend rule 3.850(b) to include the following additional provision (the new language is indicated by underlining):
(b) Time Limitations. A motion to vacate a sentence that exceeds the limits provided by law may be filed at any time. No other motion shall be filed or considered pursuant to this rule if filed more than 2 years after the judgment and sentence become final in a noncapital case or more than 1 year after the judgment and sentence become final in a capital case in which a death sentence has been imposed unless it alleges that
(1) the facts on which the claim is predicated were unknown to the movant or the movant's attorney and could not have been ascertained by the exercise of due diligence, or
(2) the fundamental constitutional right asserted was not established within the period provided for herein and has been held to apply retroactively, or
(3) the defendant retained counsel to timely file a 3.850 motion and counsel, through neglect, failed to file the motion.
This provision shall become effective immediately upon the filing of this opinion. We direct that this rule amendment be published in the next edition of The Florida Bar News. Any interested person may *935 file a comment with the Court on or before July 1, 1999.
It is so ordered.
HARDING, C.J., and SHAW, ANSTEAD and PARIENTE, JJ., concur.
WELLS, J., concurs in result only and dissents with an opinion.
WELLS, J., concurring in result only and dissenting.
I cannot join in the majority opinion because I conclude that the majority opinion confuses this state's law in respect to due process as it pertains to postconviction relief and in respect to habeas. I adopt the reasoning of Chief Judge Griffin in her dissenting opinion in the Fifth District's decision. Chief Judge Griffin's reasoning is compatible with the long-standing case law from this Court in State v. Weeks, 166 So.2d 892 (Fla.1964), and Graham v. State, 372 So.2d 1363 (Fla.1979), and the recent decision from this Court in Lambrix v. State, 698 So.2d 247 (Fla.1996). Though the majority makes passing reference to Graham and Weeks, the majority does not deal with the patent conflict pointed out in the indisputably sound analysis of Chief Judge Griffin. Therefore, I disagree with that portion of the majority opinion entitled "Belated Motion for Postconviction Relief" and do not join in it.
I concur with that portion of the majority opinion entitled "Legal Malpractice Arising from Criminal Prosecution."
Further, I concur in adopting the amendment to rule 3.850(b) adding subdivision (3). I would make the rule applicable to Steele, as we have the authority to do, and remand to the circuit court with directions to have a hearing as to whether Steele may proceed on the basis of rule 3.850(b)(3). Therefore, solely on this basis, I concur with the result reached by the majority here and the majority in the district court.
NOTES
[1] In accordance with the decision of the district court below, the Fourth District Court of Appeal recently held appellate or postconviction relief to be a prerequisite to a legal malpractice action against a criminal defense attorney. Rowe v. Schreiber, 725 So.2d 1245 (Fla. 4th DCA 1999).