757 So.2d 517 (2000)
Antoneeze HAYNES, Appellant,
v.
STATE of Florida, Appellee.
No. 4D99-4403.
District Court of Appeal of Florida, Fourth District.
March 15, 2000.
Rehearing Denied May 1, 2000.
*518 Antoneeze Haynes, Bowling Green, pro se.
No appearance for appellee.
KLEIN, J.
In Steele v. Kehoe, 747 So.2d 931 (Fla. 1999), the Florida Supreme Court held that a prisoner should be allowed to file a belated rule 3.850 motion, if the deadline is missed because the prisoner's lawyer had agreed to file the motion and failed to do so. Appellant asks us to extend Steele to his situation, in which he was relying on a Virginia corporation named CompuData-Freedom Press, Inc. to obtain counsel to file his motion on time. We conclude that we cannot.
CompuData Freedom Press, Inc., based in Woodbridge, Virginia, lists on its letterhead "Paralegal ServicesParole PlanningBusiness ServicesTechnical Referral Services." The letterhead also contains a separate post office box for a "Prisoner Support Division." Appellant has attached correspondence to him from CompuData indicating that CompuData intended to file something on behalf of appellant and that it was in the process of seeking counsel in Florida to do so. Also attached is a copy of a check payable to CompuData in the amount of $700.
The letters from CompuData indicate that CompuData was retained by appellant in ample time to have filed a motion. CompuData wrote appellant several letters which led appellant to believe that they were working on his case and would file something, but it was never done. One of the letters said that CompuData currently had "one resource attorney in Coral Gables, Mr. Michael O'Kane, and our lead attorney who is located in Detroit, Michigan, who is currently seeking his license to practice in Florida." That letter, dated May 31, 1996, indicated that all of their Florida cases, which included appellant's, were "planned for filing" in June, 1996. CompuData apparently never did anything for appellant, and it can be inferred from their correspondence that appellant, as well as other prisoners, were simply being strung along for a rather unfortunate ride.
In Steele, our supreme court held that, on receiving a petition such as that filed by Steele, the trial court should "conduct a hearing on whether [counsel] undertook to file a rule 3.850 motion on Steele's behalf, but failed to timely file the motion." The court also, in Steele, amended rule 3.850(b) to expressly make retained counsel's failure to timely file a motion an exception to the two year time limitation.
Although we are sympathetic with the plight of appellant, we do not see how he would be able to comply with the requirements of Steele. At most, he would be able to demonstrate that he relied on a non-lawyer organization to find him a lawyer who would file the motion. Because Steele requires the retention of a lawyer, and it is clear from appellant's pleadings that he had not retained one, we must affirm.
GROSS and TAYLOR, JJ., concur.