ORFINGER, R.B., J.
Gene Allen Salser appeals the summary denial of his belated motion for post-conviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. Because we find the circuit court was without jurisdiction to consider Salser’s motion, we reverse the trial court’s order.
This procedural morass began following Salser’s convictions in two cases arising out of Orange County, Florida, case nos. 89-2749 and 89-1853. Salser retained attorney Edward Leinster as post-conviction counsel. Leinster filed a timely and successful rule 3.800 motion resulting in a reduction of Salser’s sentence. Several years later, Salser retained different counsel to file motions for post-conviction relief under rule 3.850. Those motions were denied by the trial court as untimely.
In 1999, Salser filed a motion for belated post-conviction relief alleging that he had retained attorney Leinster to file a timely 3.850 motion in case no. 89-2749, but through neglect, Leinster failed to do so, thereby depriving him of the opportunity for post-conviction relief. The trial judge properly reviewed the motion as a petition for writ of habeas corpus in compliance with Steele v. Kehoe, 747 So.2d 931 (Fla.1999), wherein the supreme court held that when a prisoner claims that his attorney agreed to file a post-conviction motion, but failed to do so in a timely manner, the matter should be presented to the trial court in a petition for writ of habeas corpus, and due process entitles the prisoner to a hearing to determine the veracity of the claim. See also Fla. R.Crim. P. 3.850(b)(3). By order rendered December 13, 1999, the trial court granted Salser a hearing to determine his entitlement to file a belated 3.850 motion, but apparently, that hearing never occurred. Some months later, Salser filed a second motion for belated post-conviction relief, alleging ineffective assistance of counsel in both cases. The trial court considered the merits of Salser’s claims and summarily denied relief. We conclude that without first having determined that Salser was entitled to file a belated 3.850 motion as required by Steele, the trial court was without jurisdiction to rule on Salser’s second belated 3.850 motion.
Ordinarily, any motion filed pursuant to rule 3.850 must be filed within two years after the judgment and sentence became final. See Fla. R.Crim. P. 3.850(b). Salser would not be entitled to a belated 3.850 motion unless the evidence considered at a Steele hearing supported his claim that counsel timely agreed to file a 3.850 motion, and then neglected to file such motion within the two-year limit. Fla. R.Crim. P. 3.850(b)(3). Without a Steele hearing, this factual issue cannot be resolved. Although *695 the trial judge stated that he was considering the merits of Salser’s second belated 3.850 motion “in an abundance of caution,” the trial court had no jurisdiction to create an exception to the two-year limitation established by rule 3.850(b) absent compliance with the procedure mandated by the supreme court in Steele. By considering the merits of Salser’s second belated 3.850 motion without first determining that Sal-ser was entitled to file a belated 3.850 motion, the trial judge jumped an important jurisdictional step in the process.
Accordingly, we reverse the order summarily denying Salser’s 3.850 motion and remand the matter to the trial court with instructions that the belated 3.850 motions be treated as habeas corpus petitions and that a Steele hearing be conducted to determine whether Salser is entitled to file a belated motion for post-conviction relief under rule 3.850(b)(3).
REVERSED AND REMANDED.
HARRIS and PALMER, JJ., concur.