SHARP, W., J.
Steele appeals from the trial court’s order denying his petition for writ of habeas corpus. We affirm because there is abundant evidence to support the trial court’s findings that Steele’s attorney (Kehoe) did not undertake to represent Steele in a 3.850 proceeding.
This case has a lengthy procedural history leading to the Florida Supreme Court[1] and back to us. In 1991, Steele was convicted of first degree murder and received a life sentence. He appealed and this court per curiam affirmed. Steele v. State, 609 So.2d 50 (Fla. 5th DCA 1992).
Claiming that his appellate attorney, Ke-hoe, agreed to file a 3.850 motion on his behalf but failed to do so in a timely manner, Steele filed a legal malpractice action against Kehoe. The trial court dismissed his complaint. On appeal, this court held that Steele had to obtain collateral relief first, because exoneration of his conviction was a precondition to a legal malpractice claim. Steele v. Kehoe, 724 So.2d 1192 (Fla. 5th DCA 1998).
The Florida Supreme Court granted review and held that in order to bring a legal malpractice claim against defense counsel, a convicted criminal defendant must obtain appellate or post-conviction relief. Steele v. Kehoe, 747 So.2d 931, 933 (Fla.1999). It also held that due process entitles a prisoner to a hearing on a claim that he missed a deadline to file a 3.850 motion for post-conviction relief because his attorney was asked to do so, undertook to do so, but failed to do so in a timely manner. Further, the prisoner should assert this claim in a petition for writ for habeas corpus in the circuit court. Steele at 934.
The supreme court then granted Steele the right to file a petition for habeas corpus in the circuit court to raise this issue. If Steele prevailed, he would have the right to file a belated 3.850 motion and if that motion were granted, he would then be able to pursue his legal malpractice action against Kehoe.
Prior to the release of the supreme court’s opinion, Steele filed a petition for writ of habeas corpus in the circuit court on July 8, 1999. He raised the following issues: 1) Kehoe failed to timely file a 3.850 motion which he had orally agreed to file, 2) Kehoe withheld the complete record on appeal until two years and two days *10 after this court’s mandate on the direct appeal, and 3) he was entitled to file a belated post-conviction motion due to the state’s action in providing the mandate date as filed instead of the issuance date. However, the supreme court’s opinion only authorized consideration of the first issue raised in Steele’s petition.
The trial court postponed any hearing on Steele’s petition until the supreme court’s opinion was final. On April 3, 2000, it held a hearing. The evidence adduced showed that Steele may have had some initial confusion about Kehoe’s continued representation, post appeal, but in letters and telephone conversations, Kehoe clearly indicated he was not going to represent Steele in a 3.850 proceeding. Steele claimed there was a conversation during which Kehoe agreed to represent him in filing a 3.850 motion. However, the circuit court found Steele failed to meet his burden of establishing that Kehoe agreed to represent him in a 3.850 proceeding and failed in his obligation to do so.
In this appeal from that ruling, Steele claims the trial court abused its discretion in not ruling on the other two issues raised and in limiting his impeachment of Kehoe. We do not think that the two issues additionally raised by Steele, which were not addressed below by the circuit court, are ones the supreme court has determined should be addressed in this case. Further, based on our review of the record, they lack merit.
With regard to the first issue, the trial court as the finder of fact, had sufficient competent evidence adduced before it to support its findings and it resolved any conflict in the evidence regarding Kehoe’s undertaking to handle a 3.850 proceeding for Steele contrary to Steele. Thus the circuit court must be affirmed. See Young v. State, 744 So.2d 1077, 1082 (Fla. 5th DCA 1999).
It follows that Steele is not entitled to file a belated 3.850 motion. This should conclude the saga of a lengthy and important case, but enough is enough. Werts v. State, 722 So.2d 982 (Fla. 5th DCA 1999); Isley v. State, 652 So.2d 409 (Fla. 5th DCA 1995).
AFFIRMED.
GRIFFIN and PLEUS, JJ„ concur.

. See Steele v. Kehoe, 747 So.2d 931 (Fla.1999).