PER CURIAM.
Mark Guglielmo appeals the trial court’s denial of his petition for writ of habeas corpus. We affirm.
On June 21, 1994, the grand jury returned an indictment charging Mark Gu-glielmo with the first-degree murder of his wife Kimberly Guglielmo. Guglielmo murdered his wife, cut her body in half, put the body in the trunk of his car, drove to New York and dumped his wife’s body in the Hudson River. On March 23, 1995, he entered a plea agreement with the state. The written agreement stated that Gugliel-mo was entering a plea of guilty to second-degree murder with a deadly weapon and that Guglielmo would not take any appeals.
Nevertheless, Guglielmo has taken a number of appeals since his judgment and sentence. Guglielmo hired private counsel to file a Florida Rule of Criminal Procedure 3.850 motion. Although private counsel timely filed a 3.850 motion, Guglielmo was unhappy with the issues raised in that motion and unhappy that his counsel failed to have the memorandum of law verified. On September 24, 1998, that 3.850 motion was denied on the merits. On April 13, 1999, the trial court denied Guglielmo’s request that he be allowed to cure the memorandum of law of its defect and resubmit it as part of the already-ruled-upon rule 3.850 motion.
Relying on Steele v. Kehoe, 724 So.2d 1192 (Fla. 5th DCA 1998), aff'd, 747 So.2d 931 (Fla.1999), a different counsel asked the trial court to grant a writ of habeas corpus because, he alleged, prior counsel did not timely and properly file the rule 3.850 motion. Although Guglielmo initially alleged that the earlier motion was not filed timely, in fact, the bulk of the motion and attachments reveal that the motion was timely filed. New counsel argued that, according to Steele, Guglielmo was entitled to a hearing before the trial court to determine whether he should be granted the right to file another rule 3.850 motion, in order to later demonstrate legal malpractice. The trial court denied the petition without a hearing. Guglielmo, now pro se, appeals the denial of his petition for writ of habeas corpus.
Guglielmo contends that the supreme court’s Steele decision requires the trial court to grant him a hearing on his petition, and to consider whether he has the right to file a belated rule 3.850 motion because prior counsel failed to timely and properly file his rule 3.850 motion. Unfortunately for Guglielmo, Steele does not require that a hearing be held to decide whether a rule 3.850 motion was timely and properly filed. Steele only mandates a hearing in the trial court if the defendant alleges that his private counsel agreed to file the rule 3.850 motion and then failed to timely file the motion. Steele v. Kehoe, 747 So.2d 931, 934 (Fla.1999) (“We agree with the district court that due process *1074 entitles a prisoner to a hearing on a claim that he or she missed the deadline to file a rule 3.850 motion because his or her attorney had agreed to file the motion but failed to do so in a timely manner”). Nowhere in the Steele opinions — either the Florida Supreme Court’s opinion or the Fifth District Court of Appeal’s opinion — ■ is a hearing required if the defendant concedes that the rule 3.850 motion was timely filed but quibbles with the substance of the motion.
Guglielmo’s counsel agreed to file the rule 3.850 motion and did so in a timely manner. Steele does not require that the trial court grant Guglielmo a hearing, and the trial court therefore correctly denied Steele’s petition for writ of habeas corpus.
AFFIRMED.
THOMPSON, C.J., PETERSON and SAWAYA, JJ., concur.