851 So.2d 758 (2003)
Anthony L. STRONG, Appellant,
v.
STATE of Florida, Appellee.
No. 2D02-2554.
District Court of Appeal of Florida, Second District.
June 20, 2003.
Rehearing Denied August 8, 2003.
James Marion Moorman, Public Defender, and William L. Sharwell, Assistant Public Defender, Bartow, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Michele Taylor, Assistant Attorney General, Tampa, for Appellee.
ALTENBERND, Chief Judge.
Anthony L. Strong appeals a circuit court order denying his petition for writ of habeas corpus. In the petition, Mr. Strong sought permission to file a belated motion for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850(b)(3), claiming that his lawyer had failed to file a timely motion. After an evidentiary hearing, the trial court denied *759 the petition as untimely. Because the rules of procedure as currently written give us no option, we reverse. There are no prescribed time limits for filing a request for a belated postconviction motion on this ground. Compare Fla. R.Crim. P. 3.850(b)(3), with Fla. R.Crim. P. 3.850(b)(1). A request for a belated motion on this ground can be denied only if the State establishes that laches applies to bar the claim.
Mr. Strong was convicted of felony murder and attempted robbery with a firearm and sentenced to life imprisonment on April 5, 1991. He appealed his judgment and sentence, and we affirmed without written opinion on March 4, 1992. See Strong v. State, 595 So.2d 566 (Fla. 2d DCA 1992) (unpublished table decision). Our mandate issued on March 24, 1992. Thus, the time for filing a timely motion for postconviction relief pursuant to rule 3.850 expired in 1994.
On appeal Mr. Strong was represented by Mr. J. Frank Porter, who became a county court judge after Mr. Strong filed his petition for writ of habeas corpus but prior to the evidentiary hearing on the petition. Although it is not clear from this record whether Judge Porter had any obligation or agreement to file a postconviction motion for Mr. Strong when he was still practicing law, it is undisputed that he did not file any postconviction motion in the two-year period following the appeal.
Mr. Strong filed no pro se motions until late 1998 or early 1999. In June 1999, he filed a motion for postconviction relief pursuant to rule 3.850, alleging that his trial counsel was ineffective for failing to seek suppression of his confession. This motion was summarily denied as untimely, and this court affirmed that determination on November 3, 1999. See Strong v. State, 756 So.2d 1013 (Fla. 2d DCA 1999) (unpublished table decision). We issued a mandate in that case on March 14, 2000.
Mr. Strong filed a second motion for postconviction relief pursuant to rule 3.850(b)(1) on August 31, 2000, alleging newly discovered evidence in the form of recanted testimony by a witness. This motion was summarily denied on November 17, 2000. The circuit court based its decision largely on the fact that Mr. Strong confessed to this crime. The circuit court concluded that any new evidence from the witness who had recanted would not have affected the verdict because the witness's trial testimony had been consistent with Mr. Strong's confession. The order denying this motion attached the trial records necessary to support the court's conclusion. Mr. Strong appealed this order. We affirmed without opinion on April 18, 2001, see Strong v. State, 790 So.2d 421 (Fla. 2d DCA 2001) (unpublished table decision), and our mandate issued on June 15, 2001.
The current proceedings began on September 24, 2001, when Mr. Strong submitted a request to file a rule 3.850(b)(3) motion claiming that Judge Porter, who had represented Mr. Strong in his direct appeal, had promised to file a timely postconviction motion pursuant to rule 3.850, but had not. The circuit court properly treated this motion as a petition for writ of habeas corpus pursuant to Steele v. Kehoe, 747 So.2d 931 (Fla.1999).[1] Mr. Strong's request does not specify what grounds he believes his lawyer would or should have included within the timely postconviction motion, but the rule does not appear to *760 require him to plead these allegations. As required by Steele, the circuit court ordered an evidentiary hearing solely on whether Mr. Strong actually retained an attorney to file a rule 3.850 motion.
Initially, the circuit court did not appoint counsel for Mr. Strong. Instead, it ordered the State to coordinate and schedule the required evidentiary hearing. The order also compelled the State to contact Judge Porter and arrange for his appearance at the hearing. After some delay, however, the circuit court appointed counsel for Mr. Strong and ordered defense counsel to schedule the hearing. This order did not specify who was responsible for securing the attendance of Judge Porter.
At the hearing on the petition, Mr. Strong testified that initially Judge Porter had been appointed as his appellate attorney. When his direct appeal was unsuccessful, Mr. Strong asserted that he sought Judge Porter's continued representation and retained him to file a motion for postconviction relief. According to Mr. Strong, he and Judge Porter did not initially discuss any fee for this service. However, Mr. Strong testified that he later contacted Judge Porter, who assured Mr. Strong that he would file the motion. Mr. Strong testified that during this discussion, he indicated to Judge Porter that his family was trying to obtain funds to pay him. According to Mr. Strong, after the time for filing such a motion had passed, he learned that no motion had been filed on his behalf. He then began to make efforts to gather documents from his file to prepare his own motion.
The State presented no evidence at this proceeding. At the conclusion of the hearing, the circuit court denied the petition. The court concluded that because Mr. Strong did not present the testimony of his appellate attorney, Mr. Strong had not established that he had actually retained that attorney to perform postconviction work. Moreover, the circuit court opined that even if Mr. Strong's delay was justified, it should not have taken Mr. Strong from 1992 to 2001 to figure out how to file a pro se motion for postconviction relief.
At first glance, Mr. Strong's request for a postconviction motion certainly seems untimely, coming as it did more than nine years after his conviction. On the other hand, if Mr. Strong's allegations are true, he hired an attorney who simply failed to file a timely postconviction motion. Mr. Strong did not have a clearly recognized right to a belated postconviction motion until the Florida Supreme Court decided Steele, 747 So.2d 931, on May 27, 1999.[2] As such, his request for a belated postconviction motion was filed approximately two years and four months after this remedy clearly became available to him. For approximately the first six months of this period, Mr. Strong had a pending, albeit untimely, motion for postconviction relief.[3]
*761 There is nothing in Steele, 747 So.2d 931, or in rule 3.850(b)(3) as amended by Steele, or in subsequent case law that places any time limit on a petition seeking to file a belated postconviction motion when an attorney failed to file a timely motion. There is no prescribed requirement of due diligence in filing such a motion. Cf. Fla. R.Crim. P. 3.850(b)(1) (allowing belated postconviction motion based upon facts unknown to defendant or that could not have been ascertained by exercise of due diligence); Fla. R.App. P. 9.141(c)(4)(A) (extending two-year time limit for filing petition for belated appeal if petitioner was unaware appeal had not been filed or was not advised of right to appeal and should not have ascertained such facts by exercise of due diligence). Such a limitation probably should be added to the rule, but this court has no power to add the limitation.
We have examined cases involving an analogous issue  the proper time limit for the filing of belated direct appeals in the era prior to the promulgation of a rule of procedure setting specific limits. Based upon these cases, we conclude that a request for a belated postconviction motion can be denied as untimely only if it is barred by laches. Cf. Walker v. Wainwright, 411 So.2d 1038 (Fla. 1st DCA 1982) (recognizing, prior to enactment of specific rule related to filing belated appeal, that belated appeal could be barred by laches); Nava v. State, 652 So.2d 1264 (Fla. 4th DCA 1995) (same). To establish laches, however, the burden is on the State to prove that such a belated request was unreasonably late and resulted in some specific prejudice. Cf. Nava, 652 So.2d 1264 (involving belated appeal); Walker, 411 So.2d 1038 (same); Bashlor v. Wainwright, 374 So.2d 546 (Fla. 1st DCA 1979) (allowing belated appeal despite lengthy delay in part because right defendant asserted was not recognized at time defendant first sought relief and then gave up).[4] We therefore reverse the trial court's decision that Mr. Strong's request for a belated postconviction motion was untimely. Because the State was not provided an opportunity to develop the defense of laches below, we remand for a new evidentiary hearing.
We note that the trial court also held that Mr. Strong failed to prove that he had retained an attorney to file a timely postconviction motion because Judge Porter had not testified at the evidentiary hearing. As explained earlier in this opinion, an order of the trial court had required the State to procure the testimony of Judge Porter. That order was not rescinded when the trial court appointed Mr. Strong's counsel. As a result, the trial court should not have relied on the absence of this testimony to rule against Mr. Strong. On remand, the trial court should clarify who has the responsibility to obtain the testimony of Judge Porter.[5]
*762 We reverse the order denying the petition for writ of habeas corpus.
NORTHCUTT and STRINGER, JJ., Concur.
NOTES
[1] Although Steele created a procedure whereby these motions are treated as habeas petitions, it also amended rule 3.850(b). The additional language, now rule 3.850(b)(3), seems to permit a postconviction motion to simply allege the reason the request is timely. However, that is not the procedure espoused by Steele.
[2] Steele was the result of a Fifth District case which had recognized the right to file a belated postconviction motion under certain circumstances. See Steele v. Kehoe, 724 So.2d 1192 (Fla. 5th DCA 1998). The First District had previously noted that such a procedure might be available. Ward v. Dugger, 508 So.2d 778, 779 (Fla. 1st DCA 1987). The Fourth District had also indicated that such a right might exist but would require a defendant to first have a motion denied as untimely before seeking such relief. Medrano v. State, 719 So.2d 15 (Fla. 4th DCA 1998), overruled by Medrano v. State, 748 So.2d 986 (Fla. 1999). Thus, in 1998 only one district clearly recognized a right to file a belated postconviction motion. It appears that prior to Steele, this court had not recognized or commented upon any right of a defendant to file a belated motion for postconviction relief.
[3] As noted in footnote 1, prior to May 1999, the Fourth District had held that a defendant could not seek a belated postconviction motion until a motion had been filed and held untimely. Medrano, 719 So.2d 15.
[4] We recognize that in McCray v. State, 699 So.2d 1366 (Fla.1997), the Florida Supreme Court created a presumption that laches applied to any request for a belated appeal filed more than five years after the conviction became final. This opinion was issued prior to the promulgation of Florida Rule of Appellate Procedure 9.141(c) but after the case law reflected confusion over the timeliness of such requests. We decline to create and apply such a rule in this specific case. Mr. Strong's conviction was final for more than five years before Steele was issued. Such a rule would bar his claim before it existed. Although this case illustrates that some time limitation upon the right to seek a belated postconviction motion should be established, it would be better for the limitation to be promulgated as a portion of rule 3.850.
[5] Because our resolution of this appeal does not require it, we do not determine whether a defendant seeking to file a belated postconviction motion under rule 3.850(b)(3) establishes a prima facie case for relief by presenting only his or her own testimony without that of the relevant attorney.