COPE, J.
Guillermo Sanchez appeals the denial of his motion for postconviction relief under Florida Rule of Criminal Procedure 3.850. We remand for further proceedings.
Defendant-appellant Sanchez was convicted of armed robbery and attempted armed robbery. The convictions were affirmed on appeal, with a remand for correction of a sentencing error. Sanchez v. State, 693 So.2d 678 (Fla. 3d DCA 1997).
The defendant’s current Rule 3.850 motion is his second (“the Second Motion”). It was filed more than two years after his convictions and sentences became final.
As grounds for filing the Second Motion beyond the two-year time limit, the defendant relies on Florida Rule of Criminal Procedure 3.850(b)(3). This rule allows a belated filing where “the defendant retained counsel to timely file a 3.850 motion and counsel, through neglect, failed to file the motion.”
In his sworn Second Motion, the defendant alleges that after he was convicted, his father retained counsel to represent him on appeal and in a subsequent Rule 3.850 motion. Counsel represented the defendant on the direct appeal as agreed.
According to the defendant, in 1999 counsel filed a Rule 3.850 motion (“the First Motion”) in the trial court. The motion was denied as untimely.
In December 2001, the defendant filed the Second Motion pro se. In it he asserts that he is entitled to proceed with this *1254 belated motion because his retained counsel through neglect failed to file the First Motion timely.
The trial court denied the Second Motion, accepting the State’s argument that the Second Motion was untimely and successive. The defendant has appealed.
We conclude that the order now before us must be reversed and the cause remanded for further proceedings. Rule 3.850(b)(3) was adopted in order to deal with the exact situation asserted by the defendant in this case. Steele v. Kehoe, 747 So.2d 931, 934 (Fla.1999). If counsel undertook to file a Rule 3.850 motion on behalf of the defendant, and through neglect failed to file it timely, then the defendant is entitled to belatedly file a Rule 3.850 motion. 747 So.2d at 934.
On remand the State should first advise the trial court whether, in light of this opinion and Steele, the State disputes the defendant’s right to a belated Rule 3.850 filing. The response filed by the State in the trial court acknowledges that the First Motion was filed by counsel, and that it was denied as untimely. If the State has a basis on which to dispute the defendant’s entitlement to a belated filing under Rule 3.850(b)(3), then there must be a hearing on that issue.
If the court determines that the defendant is entitled to proceed with a belated Rule 3.850 motion under Rule 3.850(b)(3), then the court must proceed to a consideration of the defendant’s claims. We express no view on the ultimate merits.
We exclude from the remand the trial court’s ruling on ground VI, the defendant’s argument that he is entitled to relief from his habitual violent felony offender adjudication on account of Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). The trial court denied relief on ground VI on the merits. We affirm that ruling on authority of Jackson v. State, 802 So.2d 387 (Fla. 3d DCA 2001).
Affirmed in part, reversed in part, and remanded for further proceedings consistent herewith.