CANADY, Judge.
William H. Johnson challenges the denial of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850 and his petition for writ of habeas corpus. We affirm without comment the denial of his rule 3.850 motion. Because Johnson makes a facially sufficient claim that his attorney agreed to file a postconviction motion on his behalf but failed to do so in a timely manner, we reverse the trial court’s denial of the petition for writ of habeas corpus and remand for an evidentiary hearing.
A prisoner’s claim that his attorney agreed to file a postconviction motion on *13 his behalf but failed to do so in a timely manner should be presented to the trial court in a petition for writ of habeas corpus. Steele v. Kehoe, 747 So.2d 931, 934 (Fla.1999). In his petition, Johnson claimed that he asked his attorney to prepare a rule 3.850 motion and the attorney had agreed but failed to do so in a timely manner. This is a facially sufficient claim under Steele. The court in Steele stated: “[D]ue process entitles a prisoner to a hearing on a claim that he or she missed the deadline to file a rule 3.850 motion because his or her attorney had agreed to file the motion but failed to do so in a timely manner.” Id. at 934.
Because Johnson makes a facially sufficient claim under Steele, we reverse the denial of the petition for writ of habeas corpus and remand for the trial court to hold an evidentiary hearing. If Johnson is successful at this hearing, he is then authorized to belatedly file a rule 3.850 motion challenging his conviction or sentence. Steele, 747 So.2d at 934.
Affirmed in part, reversed in part, and remanded.
WHATLEY and WALLACE, JJ., concur.