864 So.2d 1245 (2004)
Melvin PEREZ, Appellant,
v.
STATE of Florida, Appellee.
No. 5D03-3737.
District Court of Appeal of Florida, Fifth District.
January 30, 2004.
*1246 Melvin Perez, Jasper, pro se.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Mary G. Jolley, Assistant Attorney General, Daytona Beach, for Appellee.
SHARP, W., J.
Perez appeals from the trial court's summary denial of his motion filed pursuant to Florida Rule of Criminal Procedure 3.850, seeking post-conviction relief. The motion is untimely because it was filed more than two years after Perez's conviction and sentence for second degree murder with a firearm (the criminal case he seeks to attack in this motion) became final.[1] In his motion, Perez failed to allege any basis for an exception to the two year time bar. We affirm.
However, Perez asserts on appeal that his untimely motion should be considered timely because he requested his trial counsel to file a timely post-conviction motion, but counsel failed to do so. In Steele v. Kehoe, 747 So.2d 931 (Fla. 1999), the Florida Supreme Court held that when a prisoner claims his attorney agreed to file a post-conviction motion but failed to do so in a timely manner, the matter should be presented to the trial court in a petition for writ of habeas corpus and that due process entitles the prisoner to a hearing to determine the validity of the claim. See also Salser v. State, 792 So.2d 693 (Fla. 5th DCA 2001); Fla. R.Crim. P. 3.850(b)(3). Thus, our affirmance is without prejudice for Perez to petition the trial court for a writ of habeas corpus, permitting him to file a belated rule 3.850 motion, as provided by Steele.
AFFIRMED.
GRIFFIN and THOMPSON, JJ., concur.
NOTES
[1] See Perez v. State, 770 So.2d 694 (Fla. 5th DCA 2000) (mandate issued October 6,2000).