PER CURIAM.
Duane Isaac Walker contends that the trial court erred by denying him a “Steele ”[1] hearing.[2] However a Steele hearing is not required as the trial court considered Walker’s belated motion for post-conviction relief and denied it on the merits[3] as well as on procedural grounds.
Affirmed.

. Steele v. Kehoe, 747 So.2d 931 (Fla.1999)(holding that a prisoner is entitled to a hearing on a claim that he or she missed the deadline to file a Rule 3.850 motion because his or her attorney had agreed to file the motion but failed to do so in a timely manner; if the prisoner prevails at the hearing he or she is authorized to file belatedly a Rule 3.850 motion).

. In Steele, at 934-35, the court directly amended Rule 3.850(b) to provide for a belated appeal in situations such as Steele’s. See Rule 3.850(b)(3)[2004],

. Holding that Walker's claim was refuted by the plea colloquy.