PER CURIAM.
The order summarily denying the motion for post-conviction relief as untimely is reversed. In Estime v. State, 885 So.2d 1008 (Fla. 4th DCA 2004), this court affirmed without prejudice to appellant refiling his motion with sworn allegations establishing exceptions to the time limitation of the rule. Fla. R.Crim. P. 3.850(b).
The instant motion contained sworn allegations that, taken as true, would establish two grounds for permitting the belated filing of a post-conviction motion. Appellant is entitled to an evidentiary hearing on his claims. See Steele v. Kehoe, 747 So.2d 931, 934 (Fla.1999).
Accordingly, this case is remanded for an evidentiary hearing on appellant’s claims that: (1) counsel was retained to file a sufficient 3.850 motion when this court affirmed without prejudice in Estime v. State, 826 So.2d 524 (Fla. 4th DCA 2002), but counsel failed to file the motion before appellant was deported; and (2) newly discovered evidence that someone other than appellant may have been arrested for an offense to which appellant pled was unknown and could not have been ascertained by the exercise of due diligence.

Reversed and Remanded.

GUNTHER, STEVENSON and TAYLOR, JJ., concur. •