PER CURIAM.
Andrew Ranes appeals the trial court’s denial of his petition for writ of habeas corpus. Ranes’s motion alleged that he retained counsel to file a postconviction motion, but counsel failed to do so. Fla. R.Crim. P. 3.850(b)(3); Steele v. Kehoe, 747 So.2d 931 (Fla.1999).
The trial court denied Ranes’s petition, finding that it was impermissibly successive because Ranes had filed a previous petition seeking the same relief. Ranes appealed the denial of the original petition, but the appeal was dismissed for lack of prosecution. In this appeal, Ranes argues that the trial court erred in denying the instant petition as successive because the previous petition was denied as legally insufficient. We agree and reverse.
The order denying Ranes’s first petition indicates that Ranes’s allegations “even if true do not support the relief requested.” This language indicates that the trial court did not believe that Ranes provided sufficient supporting facts. Thus, the denial of the first petition was not on the merits of the claim. The trial court erred in denying the instant petition as impermissibly successive where the first petition was not denied on the merits. See McCrae v. State, 437 So.2d 1388 (Fla.1983).
Furthermore, neither the doctrine of res judicata nor collateral estoppel will be applied when it will result in a manifest injustice. State v. McBride, 848 So.2d 287, 292 (Fla.2003). In his initial brief, Ranes included copies of letters he received from his attorneys showing their intention of representing him in postconviction proceedings. Ranes’s petition adequately set forth a claim for relief under Steele by alleging that “he ... missed the deadline to file a rule 3.850 motion because his or her attorney had agreed to file the motion but failed to do so in a timely manner.” 747 So.2d at 934. Due process entitles Ranes to a hearing on his legally sufficient claim. Id.
We reverse and remand for the trial court to hold an evidentiary hearing on Ranes’s claim of a Steele exception.
GUNTHER, FARMER and HAZOURI, JJ., concur.