PER CURIAM.
We affirm the trial court’s denial of appellant’s November 14, 2004, Florida Rule of Criminal Procedure 3.850 motion to withdraw plea. On January 9, 2006, appellant, through counsel, filed a Supplemental Motion for Post Conviction Relief attacking his June 2003 plea on several, new grounds. The trial court struck the Supplemental Motion as a nullity for the reasons stated in the State’s response, which referenced the limited nature of the relinquishment of jurisdiction.
The Supplemental Motion was filed before the trial court had entered a ruling on the 2004 motion but after the two-year time limit under the rule had expired. Fla. R.Crim. P. 3.850(b). If the Supplemental Motion had been filed within the two-year time limit, then the trial court would have been required to address the motion and could not dismiss it as successive. See Gaskin v. State, 737 So.2d 509, 517-18 (Fla.1999), receded from on other grounds, Nelson v. State, 875 So.2d 579 (Fla.2004).
The Supplemental Motion was under oath and in it counsel alleged that he was retained to file the Supplemental Motion and failed to timely file the motion because of neglect. The motion stated a sufficient claim of an exception to the time limitation. Fla. R.Crim. P. 3.850(b)(3).
The trial court did not address counsel’s allegation of an exception to the time limitation. Accordingly, we remand this case with instructions for the trial court to address the claim that counsel was retained to file the Supplemental Motion but failed to timely do so because of neglect. Steele v. Kehoe, 747 So.2d 931 (Fla.1999). The trial court shall hold an evidentiary hearing on the issue if necessary. If the trial court determines that the exception to the time limitation has been established, then it must address the Supplemental Motion on its merits.
KLEIN, TAYLOR and MAY, JJ., concur.