979 So.2d 1257 (2008)
Ricardo GONZALEZ, Petitioner,
v.
The STATE of Florida, Respondent.
Nos. 3D07-1366, 3D06-2572.
District Court of Appeal of Florida, Third District.
April 30, 2008.
*1258 Bennett H. Brummer, Public Defender, and Gwendolyn Powell Braswell, Assistant Public Defender, for petitioner.
Bill McCollum, Attorney General, and Lisa A. Davis, Assistant Attorney General, for respondent.
Before COPE, RAMIREZ, and SALTER, JJ.
COPE, J.
This is a petition for writ of certiorari in which petitioner-defendant Ricardo Gonzalez seeks to quash the trial court's order holding that it was without jurisdiction to entertain the defendant's motion to reduce or modify sentence under Florida Rule of Criminal Procedure 3.800(c). We conclude that (a) the trial court was correct, and (b) the defendant received ineffective assistance of trial counsel.
Pursuant to a plea, the defendant was placed on probation in fourteen cases of burglary of a conveyance (a third-degree felony) arising in Marathon, Florida, and two cases of grand theft (a third-degree felony) arising in Plantation Key, Florida. In 2004, affidavits of violation of probation were filed. The defendant admitted the violations. The trial court revoked his probation and sentenced the defendant to five years imprisonment on each count. Some of the counts ran concurrently and some ran consecutively, for an overall total of twenty years incarceration.
The question to be considered is whether the defendant's subsequently-filed motion to reduce or modify sentence was timely. More particularly, the question is whether the time runs from the date of the oral pronouncement of sentence, or the date of filing the written sentencing order.
The trial court pronounced sentence on the defendant on March 30, 2006. The written sentencing orders were signed and filed with the circuit court clerk on April 3, 2006. Rule 3.800(c) allows for a reduction *1259 or modification of "a legal sentence imposed by [the court] within 60 days after the imposition. . . ." Fla. R.Crim. P. 3.800(c).[1] The defendant filed his motion to reduce or modify sentence on May 31, 2006. The motion is untimely if measured from the date of the oral pronouncement, but timely if measured from the date of filing the written sentencing order.
The trial court conducted a hearing in August 2006, and raised the question whether the court had jurisdiction to consider the motion to reduce or modify sentence. After the parties filed memoranda and the court conducted a further hearing, the court entered an order finding that it was without jurisdiction to entertain the defendant's motion. This petition for writ of certiorari followed.[2]
Rule 3.800(c) uses the term "imposition" of sentence. The State maintains that "imposition" of sentence means the oral pronouncement required by Florida Rule of Criminal Procedure 3.700, and that the oral pronouncement should start the time period for purposes of rule 3.800(c). We agree. See Weaver v. State, 588 So.2d 53, 54 (Fla. 3d DCA 1991); see also L'Heureux v. State, 968 So.2d 628, 630 (Fla. 2d DCA 2007); Scott v. State, 629 So.2d 280, 281 (Fla. 5th DCA 1993). The trial court correctly ruled that the motion was untimely.
A court can grant relief where the ineffective assistance of trial counsel is apparent from the face of the appellate record. See Rios v. State, 730 So.2d 831, 832 (Fla. 3d DCA 1999). In this case, review is by certiorari and the ineffective assistance of trial counsel is clear on the face of the certiorari record. That is so because trial counsel had been retained to file a timely rule 3.800(c) motion but filed the motion one day late.[3]
We believe the logic of Steele v. Kehoe, 747 So.2d 931 (Fla.1999), applies to this situation. We therefore grant the following relief. The time period for consideration of the pending rule 3.800(c) motion will be reopened for a period of sixty days. This time will begin to run upon the expiration of the time for filing a motion for rehearing (or other postdecision motion) of this opinion or, if such a motion is filed, on the date of the disposition of such motion. The State and defense counsel shall confer and obtain a date for a hearing before the trial court within the sixty-day period. If for any reason a hearing date cannot be *1260 obtained within that time, then defense counsel shall file a motion for extension of time and obtain a prompt hearing thereon. See Abreu v. State, 660 So.2d 703 (Fla. 1995).
The court would point out that the sixty-day time deadline of rule 3.800(c) is frequently misunderstood. The sixty-day period is not merely a filing deadline. The sixty-day period is intended to be a filing-and-decision deadline. The intent is that the motion be both filed and decided within the sixty-day period and, if that cannot be accomplished, then a motion for extension of time should be filed as well. See Abreu, 660 So.2d at 704-05. A court can also extend the deadline on the court's own motion. See id.; McCormick v. State, 961 So.2d 1099, 1102 (Fla. 2d DCA 2007).
In summary, the trial court was entirely correct on the timeliness issue and we deny certiorari on that issue. For the reasons we have stated, we grant the petition in part and restart the sixty-day time period for consideration of the rule 3.800(c) motion.
Certiorari granted in part and denied in part.[4]
COPE and RAMIREZ, JJ., concur.
SALTER, J., concurring in part and dissenting in part.
I concur with the majority that the trial court correctly ruled that the defendant's motion to reduce or modify sentence was untimely under Florida Rule of Criminal Procedure 3.800(c).[5]
I respectfully dissent, however, from the further steps in which the majority (a) determines that the late filing constitutes ineffective assistance of trial counsel on its face and (b) grants the defendant a further sixty days[6] within which the motion may be heard and determined by the trial court.
Simply stated, rule 3.800(c) was promulgated by a higher court and is jurisdictional. See United States v. Diaz-Clark, 292 F.3d 1310 (11th Cir.2002) (holding that the time for filing a motion to reduce or modify sentence under the counterpart federal rule, Federal Rule of Criminal Procedure 35(c), is jurisdictional); Griffin v. State, 946 So.2d 610 (Fla. 2d DCA 2007) (determining that a sixty-day requirement in another part of the same rule, rule 3.800(b)(2)(B), is a jurisdictional bar). It is our obligation to apply these jurisdictional rules, not to rewrite or apply equitable principles to them, absent some specific authorization from the Florida Supreme Court.
In Steele v. Kehoe, 747 So.2d 931, 934 (Fla.1999), cited by the majority, the Florida Supreme Court amended rule 3.800(b) to allow a belated appeal in a case in which "the defendant retained counsel to timely file a 3.850 motion and counsel, through neglect, failed to file the motion." The supreme court is empowered to apply "more flexible standards of due process"[7] to post-conviction remedies, but we are to follow such rulings, not make them. In *1261 my view, Steele does not authorize us to be "more flexible" with rule 3.800(c).
Rule 3.800(c) grants the defendant a brief opportunity to seek reduction or modification of a legal sentence at several different points in the appellate process. In this case, the defendant has only lost his right to present his motion to the trial court before his appeal on the merits is resolved. He may still seek modification by filing his motion within the sixty-day period following the trial court's receipt of a final appellate mandate or order (on the merits, or otherwise) as specified in the rule itself.
Here is what the petition tells us about this defendant's untimely motion below:
In the motion, Mr. Gonzalez requested an evidentiary hearing so that he could present extensive psychological evidence in the form of both records and testimony. At the proposed hearing, Mr. Gonzalez and his mother would testify "as to the nature of his psychological history (and how it affects his ability to live his life and comport his conduct)."[8]
Respectfully, we are not in a position to say, as required by the second "prejudice" prong of Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), that the defendant has been irrevocably prejudiced by his counsel's error.[9] First, the defendant has not shown or suggested how the new post-sentencing psychological evidence would alter the sentencing process or result. Any such suggestion is speculative. Second, rule 3.800(c) by its very terms preserves another window within which the defendant may file (and obtain a determination on) the motion in question.
I therefore dissent and would affirm the trial court's denial of Gonzalez's motion as untimely. The trial court properly applied a rule, and I see no reason for us to (in effect) reverse that court for doing what the rule requires.
NOTES
[1] Rule 3.800(c) provides:

(c) Reduction and Modification. A court may reduce or modify to include any of the provisions of chapter 948, Florida Statutes, a legal sentence imposed by it within 60 days after the imposition, or within 60 days after receipt by the court of a mandate issued by the appellate court on affirmance of the judgment and/or sentence on an original appeal, or within 60 days after receipt by the court of a certified copy of an order of the appellate court dismissing an original appeal from the judgment and/or sentence, or, if further appellate review is sought in a higher court or in successively higher courts, within 60 days after the highest state or federal court to which a timely appeal has been taken under authority of law, or in which a petition for certiorari has been timely filed under authority of law, has entered an order of affirmance or an order dismissing the appeal and/or denying certiorari. This subdivision shall not be applicable to those cases in which the death sentence is imposed or those cases in which the trial judge has imposed the minimum mandatory sentence or has no sentencing discretion.
[2] Trial counsel filed a notice of appeal. The parties agree that the notice of appeal should be treated as a petition for writ of certiorari. See Johnson v. Citizens State Bank, 537 So.2d 96 (Fla. 1989).
[3] As May 29, 2006 was Memorial Day, the sixtieth day was May 30. The motion was filed on May 31.
[4] The defendant also argues that there are two scrivener's errors in the judgments and sentences. The defendant may raise those claims in the trial court by motion on remand.
[5] I also concur with the majority's decision to treat the defendant's "appeal" as, in substance, a petition for certiorari.
[6] The majority also suggests that this period may be further extended if, for any reason, a hearing date cannot be obtained within the sixty days.
[7] Steele, 747 So.2d at 934.
[8] Pet. at p. 7; record references deleted.
[9] I concur with the majority's view that the first prong of Strickland, objectively deficient performance, is satisfied here. Gonzalez's counsel was not just "one day late" as suggested by the majority, however, because he filed the motion one day late. The rule requires that the motion also be heard and determined within the sixty-day period allowed.