PER CURIAM.
Carl M. Schwagler appeals the summary dismissal of his pro se motion for postcon-viction relief filed under Florida Rule of Criminal Procedure 3.850. We reverse the postconviction court’s order and remand for further proceedings.
On February 12, 2007, Schwagler entered an open plea to one count of armed burglary, one count of kidnapping, and one count of attempted robbery. On April 23, 2007, the court sentenced him to concurrent terms of fifteen years’ imprisonment. Schwagler did not file a direct appeal, instead allegedly retaining counsel to file a postconviction motion. On August 31, 2009, Schwagler, through counsel, filed his first motion for postconviction relief pursuant to rule 3.850. One month later, counsel filed an amended motion. On November 4, 2011, the postconviction court dismissed both motions as untimely because they were filed beyond the rule 3.850(b) two-year time limit. On May 30, 2012, Schwagler subsequently filed the current pro se rule 3.850 motion, which the postconviction court again dismissed as untimely, finding that the exception to the two-year time limit provided in rule 3.850(b)(3) did not apply.
Under rule 3.850(b)(3), an otherwise untimely rule 3.850 motion may be considered on the merits if “the defendant retained counsel to timely file a 3.850 motion and counsel, through neglect, failed to file the motion. A claim based on this exception shall not be filed more than 2 years after the expiration of the time for filing a motion for postconviction relief.” Schwa-gler allegedly obtained counsel to file for postconviction relief, and he has provided a record of payments made to counsel dating back to March 16, 2009. As the initial two-year rule 3.850 time limit expired in May of 2009, this would have provided counsel with approximately two months to *924 file a timely motion. Counsel’s first motion, filed in August of 2009, was therefore properly dismissed as untimely. After this dismissal, Schwagler filed the current pro se motion, relying upon rule 3.850(b)(3) as an exception to its untimeliness. Indeed, “[r]ule 3.850(b)(3) was adopted in order to deal with the exact situation asserted by the defendant in this case.” Sanchez v. State, 848 So.2d 1253, 1254 (Fla. 3d DCA 2003).
Although Schwagler’s potential entitlement to consideration on the merits appears evident, on June 23, 2011, the following limitation was added to rule 3.850(b)(3): “A claim based on this exception shall not be filed more than 2 years after the expiration of the time for filing a motion for postconviction relief.” See In re Amendments to Fla. Rules of Criminal Procedure 3.850 & 3.851, 72 So.3d 735, 736 (Fla.2011). Relying on this amendment— which took effect on July 1, 2011, while Schwagler’s first motion was pending — the court specifically found that his current motion filed on May 30, 2012, was untimely even under the 3.850(b)(3) exception. However, as pointed out by Schwagler in his motion for rehearing, the court did not rule upon his counsel-filed motion until November 4, 2011, over two years after its filing. Notably, the extra two-year limitation recently added to rule 3.850(b)(3) lapsed on May 23, 2011, while that motion was still pending.
In the context of a civil appeal, this court has held that to deny relief to a party who has lost a right “as a result of action attributable to the trial court would be inconsistent with due process of law.” David M. Dresdner, M.D., P.A. v. Charter Oak Fire Ins. Co., 972 So.2d 275, 280-81 (Fla. 2d DCA 2008). This principle should apply equally to this case. Accordingly, we reverse the postconviction court’s dismissal and remand for further proceedings consistent with Steele v. Kehoe, 747 So.2d 931 (Fla.1999).
Reversed and remanded.
DAVIS, C.J., and CASANUEVA and CRENSHAW, JJ., Concur.