PER CURIAM.
The order denying the appellant’s petition seeking to file a belated motion for postconviction relief is reversed. The case is remanded for an evidentiary hearing to determine the validity of the appellant’s claim that counsel failed to file a timely postconviction motion, without prejudice to the state’s right to raise the defense of laches. See Strong v. State, 851 So.2d 758, 758 (Fla. 2d DCA 2003) (concluding that the burden was on the state to establish laches as a defense to an otherwise timely petitipn seeking to file a belated postcon-viction motion); Sanchez v. State, 848 So.2d 1253, 1254 (Fla. 3d DCA 2003) (“If the State has a basis on which to dispute the defendant’s entitlement to a belated filing under [r]ule 3.850(b)(3), then there must be a hearing on that issue.”).
REVERSED AND REMANDED.
LEWIS, C.J., VAN NORTWICK, and SWANSON, JJ., concur.