FERGUSON, Judge.
Metropolitan Dade County and one of its police officers, Randall Quick, appeal a jury verdict finding liability and awarding damages of $31,000.00 on a complaint for assault and battery, false imprisonment, malicious prosecution and conspiracy.
Appellants assert as error several eviden-tiary rulings made by the trial court. We consider three: (1) allowing appellee to make reference to, in his opening statement, and to produce as direct evidence, the fact that one of the police officers allegedly involved in the incident had pleaded nolo contendere to a charge of aggravated battery, (2) permitting appellee to introduce as evidence the indictment which had been filed against the officers, (3) permitting ap-pellees to put on as direct evidence the fact of a grand jury indictment of the defendant officers, the circumstances of dismissal of the charges on “technical” grounds, and opinion testimony of a lawyer witness that the officers were guilty of perjury. We reverse.
The facts are in dispute but can be summarized in order to consider the issues having merit. Appellee and two other young men were observed by officers changing a flat tire along the roadside of a busy thoroughfare in north Dade County. The two officers pulled their marked vehicle alongside, observed them for several minutes, then drove north a few yards parking on the median strip. After the appellee and his friends had changed the tire, appellee drove away at a high rate of speed making erratic lane changes. Appellee’s vehicle was overtaken and stopped. Other officers, a North Miami Beach policeman and two Dade County patrolmen, arrived at the scene. On request, appellee gave his driver’s license but refused to leave his automobile to perform a roadside sobriety test. Appellee’s auto allegedly rolled forward in the direction where Officer D’Amato was standing. Officer D’Amato jumped aside and fired his pistol at the passenger door of appellee’s vehicle. The vehicle came to rest after moving a few feet further. Appellee was forcibly removed from the vehicle and allegedly abused, verbally and physically, by Officer Quick. He was placed under arrest and jailed for driving under the influence of intoxicants and for aggravated battery.
Subsequently, the State abandoned charges brought against appellee and filed charges against the police officers for perjury and for aggravated battery. Before the trial of this civil action charges against the officers had been abandoned or dismissed except as against Officer D’Amato, who entered a nolo contendere plea to the charge of aggravated battery.
With the court’s permission, appellee’s counsel was allowed to make the following opening statement to the jury:
*271 ... I cannot and I will not, at least, comment upon the various stories they put together. Suffice it to say that our officers, as a result of that incident, were themselves charged with the commission of criminal acts. At least one of those officers, as we sit here today, has already entered a plea and when I say enter a plea, we normally think of T am guilty,’ or T am not guilty.’ In this case one of the officers said T am not guilty’ to plea. Then we have a Latin phrase, ‘nolo con-tendere.’ That means I do not want to contest the charges that have been made against me. That was the officer who did the shooting.
Due to what I would best describe as reasons of a technical evidentiary matter, those officers who had been charged with another crime other than that shooting the gun were ultimately dismissed, as a result of a ruling by one of this state’s court of appeals on how evidence was put together.
Sheldon Yavitz, an attorney who represented appellee in the criminal proceedings, was called as a witness to testify as to the charges that had been filed against the officers and as to the method of disposition of those cases both at the trial and appellate level. One of his expert “opinions” on inquiry was:
There is no question in my mind these men (police officers) were guilty. They were guilty of perjury, they were guilty of shooting at an unarmed man who had done nothing.
The indictments filed against the officers were later admitted into evidence.
An examination of the record shows that the criminal prosecutions of these police officers became the significant feature in this civil action. The errors here are so fundamental as to not warrant extensive treatment.
Section 90.410, Florida Statutes (1979) clearly sets forth:
Evidence of a plea of . . . nolo conten-dere ... is inadmissible in any civil or criminal proceeding... .
In Mickler v. Fahs, 243 F.2d 515 (5th Cir.1957), cross examination of plaintiff in civil action as to whether he had been indicted and had entered a plea of nolo contendere to charge of tax evasion was held improper, and an instruction by the court to disregard question did not cure the error.
It was also error to admit into evidence the indictments charging defendant officers with perjury and battery. An indictment is an accusatory pleading, Black, H., Black’s Law Dictionary (rev. 4th ed. 1968), 912, 1311; pleadings are not admissible in evidence to prove or disprove a fact in issue. Cf. Harrold v. Schluep, 264 So.2d 431 (Fla. 4th DCA 1972); Hines v. Trager Construction Co., 188 So.2d 826 (Fla. 1st DCA 1966) (the pleadings of a cause are merely tentative outlines of the position the pleader takes before the case is fully developed on the facts, and hence are inadmissible to prove facts alleged therein).
It was error to bring before the jury the fact that criminal charges had been filed against defendant officers where there were no pleas of guilty entered to the charges and the charges were subsequently dismissed. See, e.g., Boshnack v. World Wide Rent-A-Car, Inc., 195 So.2d 216 (Fla. 1967) (judgment of conviction in criminal prosecution entered on a plea of guilty may be introduced into evidence in civil cases as an admission against interest). The fact that charges were filed against the officers, which charges were never proved, was irrelevant to the issue of civil liability for actions upon which the charges were originally founded. If a guilty verdict cannot be introduced as evidence to prove liability, and a plea of guilty may be used only because it is an admission against interest, it then follows that nothing less substantial, i.e., indictment and dismissal, can be entered as evidence of liability. Cf. Stevens v. Duke, 42 So.2d 361 (Fla.1949); State v. Dubose, 152 Fla. 304, 11 So.2d 477 (1943) (a judgment of conviction in a criminal prosecution cannot be given in evidence in a civil action to establish the truth of the facts on which it is rendered). Because the facts surrounding the issue of liability in this case *272 were sharply disputed, bringing before the jury evidence of unproved charges was highly prejudicial.
Reversed and remanded for a new trial.