PER CURIAM.
This appeal involves a forfeiture proceeding in which the trial court, because of scheduling problems, recessed the hearing on April 23, 1985, and advised counsel that they would be renoticed when trial was to continue. Thereafter, the trial court issued an order setting the completion of trial for July 16,1985, at 11:00 a.m. A second order changing the hour to 10:00 a.m. was entered on July 8, 1985; however, it appears without dispute that neither Vasquez nor his counsel was advised of the change in time. When Vasquez and his counsel appeared at 10:50 a.m. on July 16, 1985, to complete the trial, they were advised of the change in schedule and that the hearing had been concluded adversely to them.
We vacate the final judgment of forfeiture and remand to the trial court with directions to reschedule this matter for trial with proper notice so that the appellant may fully participate. Due process requires that a party be given notice of trial and an opportunity to be heard before final judgment is rendered. Western Union Telegraph Co. v. Suit, 153 Fla. 490, 15 So.2d 33 (1943); see also Hernandez v. Ward, 437 So.2d 781 (Fla. 2d DCA 1983).
We note that the trial court properly rejected appellant’s collateral estoppel argument. The outcome of the prior criminal proceeding (which involved the same underlying transactions) does not bar this civil forfeiture proceeding. See State v. DuBose, 152 Fla. 304, 11 So.2d 477 (1943); see also Mobil Oil Corp. v. Shevin, 354 So.2d 372 (Fla.1977).
Reversed and remanded for further proceedings.