POLEN, Judge.
Clifton Johnson appeals the judgment entered against him after a jury found him guilty of possession of cannabis under 20 grams. We affirm the trial court’s denial of Johnson’s motion for judgment of acquittal, raised in his first point on appeal concerning proof of his constructive possession of the cannabis. We reverse, however, as to Johnson’s second point on appeal, and remand for a new trial.
Johnson was charged with possession with intent to sell or deliver a controlled substance and possession of a firearm by a convicted felon. The state filed a nolle prosequi as to the latter charge and Johnson proceeded to trial. During trial, a shotgun retrieved from the trunk of the vehicle in which Johnson was a passenger was admitted into evidence, over Johnson’s objections that the shotgun was irrelevant, and if relevant, its admission into evidence would be more prejudicial than probative.
We agree the shotgun was irrelevant, as its presence in the trunk of the vehicle in which Johnson was a passenger did not tend to prove or disprove any material fact in controversy. Section 90.401, Fla. *442 Stat. (1995); see Huhn v. State, 511 So.2d 583 (Fla. 4th DCA 1987) (reversing for a new trial in part based on admission of gun found in glove box of vehicle defendant was driving when arrested, which vehicle was unrelated to the charged offenses). We disagree with the state’s contention admission of the shotgun constituted harmless error, because on examination of the entire record, we cannot say there is no reasonable possibility that the error in admitting the shotgun contributed to Johnson’s conviction. State v. DiGuilio, 491 So.2d 1129, 1135 (Fla.1986).
REVERSED and REMANDED.
KLEIN and PARIENTE, JJ., concur.