DAVIS, Judge.
Bobby E. Williams challenges the final order declaring his 1998 Ford pickup truck forfeited as contraband under section 932.701, Florida Statutes (1997). We reverse the forfeiture because it was based on a summary judgment that the trial court had entered in reliance on unopposed, but insufficient, affidavits pursuant to Florida Rule of Civil Procedure 1.510(e).
In its complaint for forfeiture, the Sheriffs Office alleged that, while sitting inside *451 his truck, Williams exposed himself to two young girls, in violation of section 800.04, Florida Statutes (1997), which proscribes lewd and lascivious acts in the presence of a child under sixteen. The Sheriffs Office subsequently moved for summary judgment, alleging the same facts and stating that those facts were supported by the affidavit of a Hillsborough County Sheriffs Office detective. The detective averred in that affidavit that he investigated a lewd and lascivious act on May 6, 1999, and was personally present at the time and place of the arrest and the seizure of the vehicle. The detective further averred that Williams was arrested and charged with two counts of lewd and lascivious acts in the presence of a child under sixteen. He then recited the same facts alleged in the initial complaint. In a separate document entitled, “Verification of Complaint for Forfeiture Affidavit,” the detective averred that the facts alleged in the complaint were “true and correct based upon personal knowledge of information developed during the course of my investigation.”
The detective’s affidavits were insufficient under Florida Rule of Civil Procedure 1.510(e), which requires that all summary judgment affidavits be made on personal knowledge and affirmatively show that the affiant is competent to testify to the matters in the affidavit. See Zoda v. Hedden, 596 So.2d 1225 (Fla. 2d DCA 1992). The rule also requires the affidavit to set forth facts that would be admissible in evidence. The detective’s affidavits do not comply with any of these requirements.
First, despite the detective’s averment that the facts in the complaint were true based on his personal knowledge, that simply could not be true. He was not an eyewitness to the offense. He did not ,arrive at the scene until.after the acts had been completed. Therefore, the facts he recited as personal knowledge had to have come from the statements of the two victims, which makes those statements hearsay. See § 90.801, Fla. Stat. (1997). Second, because the detective was not present when the acts occurred, he is not competent to testify to what did occur. Third, because the facts as stated constituted hearsay, and did not fall within any of the hearsay exceptions, they could not be introduced into evidence. See § 90.803, Fla. Stat. (1997).
Since the trial court granted the motion for summary judgment and entered its final judgment of forfeiture based solely on the detective’s incompetent and insufficient affidavit, we must conclude that the trial court entered summary judgment without the benefit of any facts. Accordingly, summary judgment was improper. See Holl v. Talcott, 191 So.2d 40 (Fla.1966).
We acknowledge that the State is correct that Williams’ acquittal or conviction for the underlying charge is irrelevant to a civil forfeiture action, see Vasquez v. City of Hialeah, 487 So.2d 72 (Fla. 3d DCA 1986), and that the standard of proof in criminal cases is far greater than in civil forfeiture actions, where the standard is clear and convincing evidence. See § 932.704(8), Fla. Stat. (1997). However, the trial court in this case was not presented with clear and convincing evidence to support the forfeiture. In fact, the State presented no evidence to support the forfeiture.
Reversed and remanded for further proceedings.
THREADGILL, A.C.J., and FULMER, J., Concur.