PER CURIAM.
Ismail Cira appeals the trial court’s order summarily denying his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. We conclude that the trial court’s order and attachments fail to refute Cira’s first claim that he received ineffective assistance of counsel; we reverse on this claim, but in all other respects we affirm the trial court’s order.
Cira was convicted, following a jury trial, of two counts of aggravated assault. He argues that his counsel’s stipulation to entry in evidence of a 9 millimeter gun, a knife, ammunition, and holsters that had nothing to do with the offense he committed, except that they were located in his automobile, was ineffective assistance of counsel. Cira contends the admittance of this irrelevant evidence prejudiced him because the jury would view him as more *176 likely to commit the offense charged because he was “gun happy.”. The trial court denied Cica relief because the evidence was discovered due to a valid search warrant.
The admission into evidence of weapons legally owned by Cira that had no connection to the offense may have prejudiced him in the eyes of the jury and thus changed the outcome of the trial. See Johnson v. State, 695 So.2d 441 (Fla. 4th DCA 1997); Huhn v. State, 511 So.2d 583 (Fla. 4th DCA 1987). Counsel’s stipulation to the admission may have been error.
Accordingly, we reverse this portion of the trial court’s order and remand to the court for further proceedings. On remand, the trial court shall attach those portions of the record that conclusively refute his claim. Otherwise, it must hold an evidentiary hearing.
Affirmed in part, reversed in-part, and remanded.
ALTENBERND, A.C.J., and NORTHCUTT and STRINGER, JJ„ concur.