837 So.2d 481 (2002)
Eddie L. JOHNSON, Appellant,
v.
James B. GIBSON and William Gambert, Appellee.
No. 5D02-145.
District Court of Appeal of Florida, Fifth District.
December 27, 2002.
Rehearing Denied February 18, 2003.
*482 Eddie L. Johnson, Raiford, pro se.
Ronald K. Zimmet, Daytona Beach, for Appellee.
SHARP, W., J.
Johnson appeals from the trial court's order dismissing his complaint for alleged malpractice by the Public Defender and Assistant Public Defender in handling his criminal case in 1997.[1] We affirm.
The trial court dismissed the complaint after determining that Johnson failed to comply with the notice requirements of section 768.28, and failed to make sufficient substantive allegations required by the statute. The order also stated that Johnson "has not alleged he was exonerated in regard to the criminal charges. Exoneration is a prerequisite to a claim of legal malpractice arising from criminal prosecution." The court cited to Steele v. Kehoe, 747 So.2d 931 (Fla.1999).
In Steele v. Kehoe, 724 So.2d 1192 (Fla. 5th DCA 1998), approved, 747 So.2d 931 (Fla.1999), this court held that individuals bringing legal malpractice claims on the basis of a faulty defense in criminal actions are required to allege and prove exoneration of the criminal charge. In Schreiber v. Rowe, 814 So.2d 396 (Fla. 2002), the supreme court held that an element in a criminal legal malpractice case is proof of the plaintiff's innocence of the crime charged in the criminal proceeding. Here Johnson failed to allege either exoneration or his innocence of the underlying criminal charge.
Johnson's primary claim is that his defense counsel failed to file a notice of appeal. The proper remedy in that situation is to petition for a belated direct appeal, *483 pursuant to Florida Rule of Appellate Procedure 9.141,[2] not file a malpractice suit. Indeed, it appears Johnson may have filed prior petitions for a writ of habeas corpus, seeking a belated appeal, which were denied. None of these documents is in this record.
Further, section 768.28 (the Florida Tort Claims Act) requires that if a person sues a state agency or an employee for a tort (malpractice in this case) that person must first provide notice of intent to file a claim. Here Johnson claims he served the notice on July 6, 2001, but his complaint was not filed until August 21, 2001. The state argues the notice was premature. In any event, the trial court was correct in dismissing the complaint because Johnson failed to allege that the public defenders acted "in bad faith or with malicious purpose, or in a manner exhibiting wanton and willful disregard of human rights, safety or property," as required by section 768.28(9)(a).
AFFIRMED.
COBB and PLEUS, JJ., concur.
NOTES
[1] The order allowed Johnson twenty days in which to file an amended complaint, but he failed to do so. Instead, Johnson requested issuance of a final order dismissing his complaint with prejudice. More than twenty days after the first order, the trial court dismissed his complaint with prejudice.
[2] Presently, belated appeals must be filed under Rule 9.141(C); prior to January 1, 2000, it was rule 9.140(j). The rule provides that ordinarily, a petition for a belated appeal shall not be filed more than two years after the expiration of time for filing the notice of appeal from a final order. Rule 9.141(c)(4)(A). In Lee v. State, 813 So.2d 275 (Fla. 5th DCA 2002), a belated direct appeal case, this court discussed the rule's two year provision noting an exception where (1) the petitioner was unaware an appeal had not been timely filed, or was not advised of the right to appeal, and (2) he could not have ascertained such facts by the exercise of reasonable diligence. Although the petition in Lee exceeded the two year provision, it was held that he was entitled to a hearing to determine if his claim, that the trial court failed to advise him of his right to appeal, was valid. If so, a determination of whether the reasonable diligence component had been met was necessary. See also Coyle v. City of Ft. Lauderdale, 785 So.2d 1254, 1255 (Fla. 4th DCA 2001), rev. denied, 807 So.2d 653 (Fla. 2002). This court appointed the trial judge as commissioner to make fact findings, and directed him to the factors discussed in the Coyle dissent, for guidance.