*1248
 
 DAMOORGIAN, J.
 

 Justin D. Coceo appeals the trial court’s dismissal of his third amended complaint with prejudice. We reverse the trial court’s dismissal of the portion of Count One of that complaint only as it relates to the civil injunction that was issued against Coceo in 2003. We affirm the dismissal of all other counts with prejudice.
 

 In 2003, Coceo was charged with domestic battery of his girlfriend. He hired attorney Phyllis Pritcher to represent him. The trial court issued a written no contact order as a condition of Cocco’s bond in the criminal case. In addition, a different trial court issued a civil restraining order for protection against domestic violence in a separate proceeding. The restraining order prohibited Coceo from having any contact with his girlfriend who was the alleged victim in the original case. On October 27, 2003, the trial court revoked Cocco’s bond in the criminal case because of allegations that he had contact with his girlfriend in violation of the conditions of his bond. Coceo subsequently pled guilty to the domestic violence battery charge and was adjudicated guilty. In 2006, he obtained an agreed order exonerating him from that conviction because there was no factual basis for the domestic nature of the charge. In place of the domestic battery charge, he pled guilty to simple battery.
 

 In 2007, Coceo sued Pritcher for legal malpractice arising out of both the criminal and the civil injunction cases. After giving Coceo three opportunities to amend his complaint, the trial court dismissed Cocco’s third amended complaint with prejudice on the defendants’ motions.
 

 On a motion to dismiss, a trial court must accept the facts alleged in the complaint as true and must draw all reasonable inferences in favor of the pleader.
 
 Taylor v. City of Riviera Beach,
 
 801 So.2d 259, 262 (Fla. 4th DCA 2001). A ruling on a motion to dismiss for failure to state a cause of action is an issue of law which is reviewed de novo.
 
 Id.
 

 An action for legal malpractice generally requires three elements: “(1) the employment of the attorney; (2) the attorney’s neglect of a reasonable duty; and (3) that the attorney’s negligence was the proximate cause of the loss to the client.”
 
 Rowe v. Schreiber,
 
 725 So.2d 1245, 1249 (Fla. 4th DCA 1999). In malpractice actions arising out of criminal cases, the criminal defendant must also obtain appellate or postconviction relief as a precondition to maintaining the action.
 
 Steele v. Kehoe,
 
 747 So.2d 931, 933 (Fla.1999). This is often referred to as the exoneration requirement. Reversal of a conviction on direct appeal or through a postconviction motion is not enough to satisfy the exoneration requirement. The defendant must also “establish the final disposition of the underlying criminal case in his or her favor.”
 
 Cira v. Dillinger,
 
 903 So.2d 367, 371 (Fla. 2d DCA 2005).
 

 The trial court properly dismissed the counts of Cocco’s malpractice action in which he alleges malpractice arising out of the criminal case against him because he cannot show that the underlying criminal case has been finally disposed of in his favor. After receiving post-conviction relief on the domestic battery charge, Coceo pled no contest to simple battery. Thus, the final disposition of the case was not in his favor.
 
 See id.
 
 at 369 (where the defendant was granted postconviction relief but subsequently pled no contest to the charges, he could not meet the exoneration requirement).
 

 It was error for the trial court to dismiss the portion of Cocco’s complaint in which he alleges that Pritcher committed malpractice in connection with the civil
 
 *1249
 
 injunction ease. Coceo did not need to meet the exoneration requirement in the counts of his complaint dealing with the civil injunction because that requirement applies only to legal malpractice cases arising out of criminal cases. However, we note that Coceo should be able to maintain this portion of the legal malpractice action only insofar as he can show that he suffered damages that arose
 
 solely
 
 from the civil injunction. He may not get around the exoneration requirement by recovering damages that arose both from the criminal case and from the civil injunction.
 

 Accordingly, we reverse the dismissal of the portion of Count One of Cocco’s third amended complaint in which he alleges malpractice arising from the civil injunction. We affirm the dismissal of the remainder of Cocco’s complaint.
 

 Affirmed In Part, Reversed In Part, And Remanded.
 

 STEVENSON, J., and PHILLIPS, CAROL-LISA, Associate Judge, concur.