NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT


DANIEL SAWYER,                          )
                                        )
          Appellant,                    )
                                        )
v.                                      )          Case No. 2D13-6117
                                        )
DENNIS EDWARD BOOTHE, VINCEN            )
A. BOOTHE, REBECCA BOOTHE,              )
ELAINE DANIELLE BOOTHE,                 )
VANESSE BOOTHE,                         )
                                        )
          Appellees.                    )
_____)

Opinion filed October 1, 2014.

Appeal from the Circuit Court for
Hillsborough County; Bernard C. Silver,
Judge.

Daniel Sawyer, pro se.

Albert C. Penson and Stephanie R. Hayes
of Penson Law Firm, P.A., Tallahassee, for
Appellees.


KHOUZAM, Judge.

          Daniel Sawyer appeals an order dismissing with prejudice his complaint in

which he alleged that the attorney who represented him at a criminal trial committed

legal malpractice.  Although the trial court erred when it dismissed the complaint based

on the statute of limitations, we nevertheless affirm the dismissal with prejudice because it is apparent the complaint cannot be amended to state a cause of action. See Samuels v. King Motor Co. of Fort Lauderdale, 782 So. 2d 489, 495 (Fla. 4th DCA 2001) ("If a complaint does not state a cause of action, the opportunity to amend a complaint should be liberally given, unless it is apparent the pleading cannot be amended to state a cause of action.").

For his legal malpractice claim to be successful, Sawyer needed to prove that he had obtained postconviction relief and that he was actually innocent. See Cira v. Dillinger, 903 So. 2d 367, 370-71 (Fla. 2d DCA 2005). Attached to the complaint was a postconviction order vacating Sawyer's sentence and allowing him to plead guilty. The stated basis for the postconviction relief was Sawyer's testimony that he was guilty and would have pleaded guilty had his attorney conveyed a plea offer to him. Therefore, in establishing the "exoneration" element of his legal malpractice claim, Sawyer has negated the "innocence" element and he cannot state a cause of action. Because the trial court reached the correct result, albeit for the wrong reasons, we affirm. See Robertson v. State, 829 So. 2d 901, 906 (Fla. 2002).

Affirmed.

ALTENBERND and MORRIS, JJ., Concur.