DISTRICT COURT OF APPEAL OF FLORIDA
SECOND DISTRICT

_____

JESSE LEAHY,

Appellant,

v.

LARRY EGER, in his capacity as public
defender for the Twelfth Judicial Circuit of Florida,

Appellee.


No. 2D2024-2957

_____

June 19, 2026

Appeal from the Circuit Court for Sarasota County; Hunter W. Carroll, Judge.

Jesse Leahy, pro se.

James Uthmeier, Attorney General, Tallahassee, and Jessica Schwieterman, Assistant Attorney General, Tampa, for Appellee.


NORTHCUTT, Judge.

The circuit court awarded a final summary judgment in favor of Larry Eger, in his capacity as the public defender for the Twelfth Circuit, in Jesse Leahy's legal malpractice suit. We reverse in part.

Leahy's suit arose from his counsel's representation of him in one of three prosecutions—in 2014, 2015, and 2016—for failing to register as

a sexual offender in Florida. *See* § 943.0435(2), (9), Fla. Stat. (2015). The asserted theory underlying the charge in each case was that Leahy was required to register as a sexual offender in Florida because in 1994 he had been convicted of a misdemeanor sexual offense in Massachusetts that obligated him to register in that state. *See* § 943.0435(1)(a)1.b.

The 2014 charge was nolle prossed at a hearing in which the State acknowledged that Leahy's federal probation officer had advised him that he was not required to register in Florida based on the Massachusetts misdemeanor conviction. But the prosecutor asked the court to inform Leahy that he needed to register from then on. The court did so, although Leahy protested that he thought this was incorrect because he had never been required to register before.

Leahy thereafter persisted in his failure to register, and on September 21, 2015, he was arrested again. He remained jailed until January 27, 2016, when, on the advice of his assistant public defender, he entered a negotiated plea of no contest to the charge. He was adjudicated guilty, sentenced to time served, and released.

In the 2016 case, Leahy was arrested on September 27, 2016, for failing to register and was released on bond. He then waived representation by the public defender's office and asked to represent himself. On November 7, 2016, his bond was revoked based on a separate, unrelated aggravated battery arrest. At a hearing on November 29, 2016, Leahy requested counsel in the failure to register case, and the court appointed the public defender's office. But the next day the court granted the public defender's motion to withdraw and appointed conflict counsel to represent Leahy instead.

2

In April 2017, Leahy filed a motion for postconviction relief under Florida Rule of Criminal Procedure 3.850 seeking to set aside his plea and conviction in the 2015 case. The motion alleged that Leahy's plea to the 2015 charge was involuntary and that his counsel was ineffective. Leahy claimed that he had not been required to register as a sex offender under Massachusetts law and that therefore he was not required to register in Florida based on the Massachusetts conviction. At an April 2018 hearing on the postconviction motion, the State conceded that Leahy's assertion was correct. Accordingly, the postconviction court granted Leahy's rule 3.850 motion and vacated his judgment and sentence on the 2015 charge, and the State then nolle prossed it.

After prevailing in the postconviction court, Leahy filed the instant civil suit against Larry Eger as the public defender for the Twelfth Judicial Circuit. He alleged that his assigned assistant public defender committed professional negligence in the 2015 case and that Eger negligently supervised the assistant. The circuit court dismissed the negligent supervision claim on its face.[1] On the professional negligence claim, the court eventually granted summary judgment for the defense, and Leahy appealed.

We review summary judgments de novo. *Allison v. Grand at Olde Carrollwood Condo. Ass'n*, 369 So. 3d 1200, 1204 (Fla. 2d DCA 2023). As we stated recently in *CNJ Realty Associates, LLC v. Yankiv*, 399 So. 3d 1240, 1244 (Fla. 2d DCA 2025):

> Summary judgment should only be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fla. R. Civ. P. 1.510(a). Thus the movant has the initial burden "to establish the absence of any genuinely

---

[1] Leahy does not challenge this ruling on appeal, so we do not address the negligent supervision claim further.

disputed material fact," and " '[i]f the movant does so, then the burden shifts to the [nonmoving] party to demonstrate that there are genuine factual disputes that preclude judgment as a matter of law.' " *Barber [v. Manatee Mem'l Hosp.]*, 388 So. 3d [279,] 285 [(Fla. 2d DCA 2024)] (second alteration in original) (first citing Fla. R. Civ. P. 1.510(a); and then quoting *Brevard County v. Waters Mark Dev. Enters.*, 350 So. 3d 395, 398 (Fla. 5th DCA 2022)).

When, as in this case, the movant for summary judgment is not the party who would bear the burden of proof at trial, it may satisfy its burden by either of two methods. *See Coury v. City of Tampa*, 397 So. 3d 805, 810 (Fla. 2d DCA 2024) (quoting *In re Amends. to Fla. Rule Civ. Proc. 1.510*, 317 So. 3d 72, 75 (Fla. 2021)). The first is to affirmatively present summary judgment evidence that disproves the nonmovant's claim. *Id.* (citing *In re Amends. to Fla. Rule Civ. Proc. 1.510*, 317 So. 3d at 75). The second is to show that the nonmovant has no evidence to prove their claim at trial. *Id.* (citing *In re Amends. to Fla. Rule Civ. Proc. 1.510*, 317 So. 3d at 75).

The public defender failed to meet its burden under either approach. Eger's motion argued that Leahy's malpractice claim required proof that his counsel's actions proximately caused his pretrial detention in the 2015 case.[2] The public defender produced the transcript from the 2014 case in which the judge advised Leahy that henceforth he needed to register as a sex offender in Florida based on the Massachusetts conviction. Thus, Eger asserted, "[Leahy's] own behavior and failure to

---

[2] A claim for legal malpractice in the defense of a criminal case has five elements, one of which is that the attorney's negligence was the proximate cause of the client's loss. *Cira v. Dillinger*, 903 So. 2d 367, 370-71 (Fla. 2d DCA 2005) (citing *Steele v. Kehoe*, 747 So. 2d 931, 933 (Fla. 1999)).

4

follow the Court's instruction led to his incarceration and his alleged damages[.]"

That submission was wholly insufficient because it undertook to refute a claim that Leahy never made. Leahy did not contend that his counsel's negligence caused his 2015 arrest. Rather, his suit complained that counsel's failure to investigate the validity of the 2015 charge had needlessly prolonged his detention.[3] Of course, Leahy's own behavior had nothing to do with that. To the contrary, Leahy alleged that at their first meeting he urged his attorney to investigate and confirm that he was not required to register in Massachusetts and that therefore he had not violated the Florida registration statute. *See Holt v. Rowell*, 798 So. 2d 767, 770 (Fla. 2d DCA 2001) (affirming jury finding of liability for malpractice where accused charged with being a felon in possession of a firearm was not released from jail for ten days after he gave his assistant public defender a document showing that his civil rights had been restored following his felony conviction), *approved in part, quashed in part on other grounds sub nom, Rowell v. Holt*, 850 So. 2d 474 (Fla. 2003).[4]

---

[3] Leahy argued that his counsel's negligence in the 2015 case had caused him to suffer over twenty-three months of wrongful incarceration in the 2015 and 2016 cases combined. However, he alleged negligent representation only in the 2015 case. Further, because the public defender's office was excused the day after its appointment in the 2016 case—when Leahy's pretrial release had already been revoked due to his unrelated aggravated battery charge—any undue detention in that case could not have been attributable to a failing on the public defender's part. Thus, this appeal involves only Leahy's detention between his 2015 arrest and his release in that case, or just over four months.

[4] Interestingly, the transcript relied upon by the public defender in support of his motion for summary judgment actually redounded *against* his position. It reflected that another attorney in his office represented Leahy at that hearing, was present when the State acknowledged that

Because the public defender's motion failed to address the factual and legal bases of Leahy's lawsuit, the public defender did not show that there was no genuine issue of material fact or that he was entitled judgment as a matter of law. *See* Fla. R. Civ. P. 1.510(a); *Yankiv*, 399 So. 3d at 1244. Consequently, no burden to demonstrate facts in opposition to the motion ever shifted to Leahy.

Rather than deny the public defender's motion, however, the circuit court granted it under a theory that had not been advanced.[5] The court ruled that Leahy was not harmed by his counsel's advice to plead no contest because it resulted in Leahy's release from jail and because the resulting conviction was ultimately set aside. The court's order granted the public defender's motion for summary judgment "to the extent the Court concludes that Mr. Leahy was not legally damaged by the alleged negligent advice in the 2015 case." Thus, as the public defender had done in his motion for summary judgment, the court's ruling misconstrued Leahy's claim.

Leahy moved for rehearing. He pointed out that his malpractice suit was premised not on misadvice, but on counsel's negligent failure to investigate the basis of the charge, which unnecessarily extended his loss of liberty.

When ruling on the rehearing motion, the court acknowledged this theory of Leahy's case, but it denied the motion and reaffirmed the

---

Leahy's probation officer had advised him that he need not register, and heard Leahy inform the court that he had never had to register following his 1994 conviction in Massachusetts.

[5] Florida Rule of Civil Procedure 1.510 allows a court to grant a motion for summary judgment on grounds not raised by a party, but only after giving notice and a reasonable time to respond. Fla. R. Civ. P. 1.510(f)(2). Leahy has not complained of the court's failure to give notice of its intention to do so in this case.

summary judgment, observing that "in response to the public defender's summary judgment motion, [Leahy] presented no evidence that a 'proper investigation' would have resulted in a release earlier than the 4-month time frame Mr. Leahy [actually] was in jail on this charge before pleading and being released."  Thus, "[e]ven assuming the assistant public defender were negligent in the investigation of the Massachusetts conviction issue, Mr. Leahy has presented no evidence to survive a directed verdict that his release from jail would have been any sooner than it was."

This was error because it improperly placed on Leahy, the nonmovant, the burden to disprove the movant's entitlement to judgment even though the movant had not met his initial burden to demonstrate that entitlement, as mandated by rule 1.510(a).  *See Yankiv*, 399 So. 3d at 1244.

The circuit court rendered a final judgment that subsumed the erroneous order granting the public defender's motion for summary judgment regarding the 2015 case and an order granting a supplemental motion for summary judgment directed to the 2016 case.  We reverse insofar as the court awarded the public defender a summary judgment on Leahy's malpractice claim premised on his prolonged pretrial detention in the 2015 criminal case.  We affirm in all other respects.

Affirmed in part, reversed in part, and remanded for further proceedings.

BLACK and LABRIT, JJ., Concur.

_____

Opinion subject to revision prior to official publication.